*32 Vroom.*          Belleville Stone Co. v. Mooney.

BELLEVILLE STONE COMPANY OF NEW JERSEY, PLAINT-
    IFF IN ERROR, v. HENRY MOONEY, DEFENDANT IN
    ERROR.

The plaintiff was employed by the defendant to work in a quarry.  It was
    a part of the system under which the quarry was operated that the
    foreman should supervise the preparation of each blast and light the
    fuse to fire it, giving warning by a cry of "·fire," so that the workmen
    in the quarry might run out of danger.  The plaintiff was injured by
    a piece of rock thrown out from a blast, because the foreman had,
    through negligence, failed to give timely warning.  *Held,* that the
    giving of warning was embraced in the duty owed by an employer to
    his employes, that the place where he sets them to work shall be kept
    safe ; that the failure of the foreman to perform this duty carefully was
    imputable to the defendant as employer ; and that such failure was
    not one of those obvious dangers of which the plaintiff as employe as-
    sumed the risk.

On error to the Supreme Court.  For opinion of Supreme
Court, see 31 *Vroom* 323.

For the plaintiff in error, *Howard W. Hayes* and *Joseph
Coult.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

DIXON, J.  The plaintiff was struck by a piece of rock
thrown out by a blast in the quarry of the defendant, and
brought this suit to recover compensation for the injury.  At
the time, he was in the employ of the defendant at the quarry,
and was engaged as an attendant upon another workman who
was painting a high derrick, and whom the plaintiff raised or
lowered so as to facilitate his operations.  The blasting was
in charge of a foreman, whose duty it was to superintend the
preparation of the blast, to light the fuse, and to warn the
workmen by crying " fire," in time for them to run out of
danger.  On the occasion in question this warning was not
given soon enough to enable the plaintiff to lower the painter

to the ground and escape to a place of safety. Under the charge of the trial court .and the verdict of the jury, we must regard it as established that the plaintiff's injury resulted from the neglect of the foreman to give timely warning, and without any contributory negligence on the part of the plaintiff.

This presents the real question of law in the case, which is, whether the negligence of the foreman in this respect is imputable to the defendant, the common master of the foreman and the plaintiff. As was said by counsel for the defendant, the judgment must stand or fall on the answer to that inquiry.

Under the cases of *Steamship Company* v. *Ingebregsten*, 28 *Vroom* 400, and *Comben* v. *Belleville Stone Co.*, 30 *Id.* 226, two views are suggested; one on behalf of the plaintiff, that the giving of proper warning was an essential part of the duty owed by the employer to the workmen, of taking reasonable care that the places where the workmen were engaged should be kept safe, and therefore, if through negligence the proper warning was not given, the employer's duty was not performed; the other on behalf of the defendant, that the giving of the warning was only incidental to the foreman's work in preparing the blast and lighting the fuse, in which work the foreman was clearly a fellow-servant of the plaintiff engaged in a common employment, and therefore his negligence in that incidental service was not chargeable upon the common master.

On reflection it will be perceived that the giving of warning bore no direct relation to the foreman's work in preparing and firing the blast. The object of that work was the removal of rock, and such object would be attained as well without the warning as with it, if we leave out of consideration the safety of the workmen. Quite different are the conditions where a person using a tool or machine is obliged to see that the implement remains fit for use. In such case the duty to examine is auxiliary and incidental to the duty to use, and when a servant owes the latter duty to his master he owes the

former also. A failure to perform carefully this incidental duty of examination may result in damage to a fellow-servant, but the common master is not responsible for such damage, because the duty neglected was not one owed by him. Outside of that duty there may have been a similar duty of inspection owed by the master to his servants, but the duties themselves are distinguishable from each other. In the present case, however, as already pointed out, the duty to give warning was not in any such sense subservient to the blasting of rock.

On the other hand, when we consider the general duty owed by an employer to his employes to exercise reasonable care that the place where he sets them to work shall be kept safe (*Van Steenburgh* v. *Thornton*, 29 *Vroom* 160), the propriety of including therein the duty of giving warning in such circumstances as those now before us becomes at once apparent. The danger of blasting was one frequently recurring, and its occurrence could always be foreseen not by the workmen scattered about the quarry, but by any person charged with the duty of watching for it. If the danger was not foreseen and proper warning given, the quarry became an unsafe place for the workmen, but it was made reasonably safe if such warning was given. It seems clearly to follow that on him whose duty it was to take care that the place should be kept safe was cast the duty of giving timely warning. We conclude, therefore, that it was part of the defendant's duty to the plaintiff that proper care should be exercised in giving warning of an expected blast. In selecting the person who was to fire the blast as the person to give the warning, the defendant probably chose the man best able to perform that duty, but as the defendant's responsibility extended beyond the selection of an agent and included the warning itself, it must answer for negligence in the giving of warning, no matter how fit was the chosen agent.

Nor will the doctrine that servants assume the obvious risks of their employment save the defendant in this case; for that doctrine is not applicable to risks arising from negligence in

the discharge of the master's duty to his servants.. No doubt the plaintiff took the risks of the system under which he knew the quarry was worked. He would not be heard to complain that places of refuge close at hand were not provided, or that other possible precautions, which he saw were not in use, were omitted. But he had a right to expect that the precaution which the defendant had provided for the security of the quarrymen, should be carefully observed, and he did not assume the risk of a negligent observance.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DIXON, GARRISON, LUDLOW, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH.    12.

*For reversal*—GUMMERE.    1.