PATRICK SMITH v. THE THOMAS IRON COMPANY.

Argued November 5, 1902—Decided February 24, 1903.

1. The owners of a mine having furnished an employe with a guide to take him down the mine and to his place of work, it was not necessary to warn him of the dangers he might encounter if he wandered off from the path.
2. A miner, who, up to the time of the accident, had always been taken to his place of work in the charge and care of a guide, on that occasion, finding the guide had gone on before, attempted the experiment of finding his way in the darkness to his place of work, and fell and was injured, cannot recover, because negligence on his part contributed to the injury.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *Edward A. & William T. Day.*

For the defendant, *William D. Wolfskeil,* and *William Fackenthall* (of the Pennsylvania bar).

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action for personal injury. The trial resulted in a verdict for the plaintiff. The facts upon which his right to recover was rested are accurately summarized in the brief of his counsel, as follows: He was engaged by the defendant company to work as a miner in one of its mines on March 2d, 1900. The place where he was set to work was in the interior of the mine. To reach this place it was necessary for him to descend, by means of a ladder, a shaft sunk vertically in the earth to a level in the mine. After leaving the shaft it was necessary for him to go through the level, which was dark, for a distance of two hundred and fifty feet, and then turn to the right into an opening, down which a passage was had to a lower level, upon which was the place

where he was set to work. At a point about one hundred and fifty feet from the shaft there was another opening on the right of the level, which was the mouth of a "stope," or pit, about ten feet deep. The plaintiff had been taken down into the mine, to the place where he was set to work, on the first day, and on all subsequent trips, until the morning when he was injured, in the charge and care of one Roberts, called a "chargeman." He had never been allowed to go alone. He had never had his attention called to the first opening to the right in the level, and had not been warned of the danger thereof. On the morning of the 10th of March the men in the gang who were working under the supervision of the chargeman, including the plaintiff, had gone to the superintendent's office with a demand for higher pay, and, in consequence, there was a delay of about fifteen minutes in going to work. After leaving the superintendent's office there was a scramble on the part of the men in the gang for the first opportunity to get down into the mine. In the scramble the plaintiff was left to the last, and when he reached the level he was alone and in darkness. In going along the level, probably mistaking the first opening for the one further on, and which he should have taken, he turned into it, fell down into the "stope" and was seriously injured.

On these facts the trial court left it to the jury to determine, first, whether the injury resulted from any negligence by the defendant in the performance of any duty which it owed to the plaintiff as his employer, and also whether the plaintiff, by any negligence on his part, contributed to the injury. The jury resolved both of these questions in favor of the plaintiff. A rule to show cause was allowed, in order that it might be determined whether, upon the facts stated, the conclusion of the jury can be supported.

The defendant owed to the plaintiff the duty of exercising reasonable care to provide him with a safe means of passage to and from his work. The contention of the plaintiff is that the failure of the defendant to call his attention to the existence of the first opening to the right in the level, and the danger which might result from his not avoiding it, was

evidence of a failure on the part of the defendant to perform this duty. We do not think so. As has already been stated, up to the time of the accident the plaintiff had always been taken down into the mine, to the place of his work, in the charge and care of Roberts. Having furnished him with a guide, it was not necessary for the defendant to warn him of the dangers which he might encounter if he wandered off from the path; for, so long as he remained in the charge of his guide, he was safe.

The only ground upon which responsibility for the plaintiff's accident can be imposed upon the defendant company is that, in performing the duty of guiding the former to the place of his work, Roberts, the chargeman, was acting as the representative of the company, and not as the fellow-servant of the plaintiff (*Belleville Stone Co.* v. *Mooney,* 32 *Vroom* 253), and that his failure to perform that duty, on the day when the plaintiff was injured, was the proximate cause of the latter's accident. It is not necessary, however, for the determination of this case, to stop to consider whether the facts referred to bring it within the principle laid down in the Mooney case, and establish the negligence of the defendant; for, conceding that they do, still the plaintiff is barred from a recovery by his own negligence on the evidence submitted. When he reached the bottom of the shaft he found that Roberts, whose duty it was to pilot him to the place where he was to work, had gone on before, leaving him alone. The level, along which his path lay, was in darkness. Having no knowledge of the dangers which he might incur if he should stray from the path, with no one to guide him, without sufficient light to illumine it, he attempted the foolhardy experiment of finding his way in the darkness to the place of his work without assistance. That in doing this he exhibited a reckless disregard of his own safety seems too plain for argument.

The rule to show cause should be made absolute.