ADELLBURTUS KONESKI, DEFENDANT IN ERROR, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued March 22, 1909—Decided June 14, 1909.

Where the giving of warning of an approaching danger to men employed in a place which becomes one of danger at recurrent intervals is not an incident of the work upon which the employe whose duty it is to give the warning is engaged, he is to be considered as the representative of the master, and not as a fellow-servant in the performance of that duty; but when the duty of giving the warning is incidental to his general employment his failure to perform that duty is not imputable to the common employer.

On error to the Supreme Court.

For the plaintiff in error, *Robert H. McCarter.*

For the defendant in error, *Frederick A. Lehlbach, Frederic L. Johnson* and *Thomas L. Hughes* (of the New York bar).

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action is brought to recover for personal injuries received by the plaintiff while in the employ of, and engaged in the work of, the defendant company, at its railroad yard at Secaucus. A part of the equipment of this yard was an ash-pit, which may be briefly described as a stretch of railroad track about two hundred feet long, constructed upon iron brackets or pedestals, at a height

of about two feet above a concrete floor or bench.  The ash-pit was connected by switches with the main tracks, and was used for the purpose of dumping ashes from the company's engines when they came into the company's yard at the end of their runs.  Along the sides of the ash-pit, and upon the same level as the concrete floor or bench underneath the track, was a concrete working platform which ran alongside the track for its whole length.  The plaintiff was employed to wet down the ashes which were dumped into the pit from time to time by the company's engines, and, after they had sufficiently cooled off, to shovel them into empty cars standing on a siding which ran along the edge of the working platform. On the night of the 8th of March, 1905, while the plaintiff was engaged in this work, one of the defendant company's engines was run upon the pit track to get rid of its accumulation of ashes, and struck the plaintiff, who was standing upon the working platform wetting down ashes which had already been deposited in the pit.  The force of the blow threw him forward, his right arm falling across the nearest rail of the track, with the result that the moving engine crushed it so badly as to make amputation at the shoulder necessary.

The proofs in the plaintiff's case show, and the fact is undisputed, that, in the ordinary conduct of the business in the yard, when the ashes were to be removed from an engine at night, the engineer and fireman having it in charge would bring it to the ash-pit, put out its headlight and other lights, and turn it over to one Irvin, a hostler, who then ran the engine into the pit, and moved it from place to place, when it was necessary to do so in order to find vacant places in which to dump the ashes.  It was also shown in the plaintiff's case, and is not disputed by the defendant company, that the customary method employed to warn workmen in the ash-pit of the approach of an engine to the pit, or of its movements on the pit, was the ringing of its bell or the blowing of its whistle. The case of the plaintiff was that no bell was rung or whistle blown upon the engine which struck him, and that he was entirely ignorant of its proximity until it struck him.

The verdict of the jury has determined that the accident occurred through the failure of the engineer to give the customary warning of the approach of his engine to the pit, and the neglect of the hostler to give warning of its movement in the pit. It further has settled the fact that no negligence on the part of the plaintiff contributed to the accident. The principal question, therefore, which the case now presents for decision, is whether the negligence of the engineer and that of the hostler, in the respect indicated, is to be imputed to the defendant.

The rule to be adduced from our earlier decisions upon this question is that, where the giving of the warning is not incidental to the work upon which the employe, whose duty it is to give the warning, is engaged, he is to be considered as the representative of the master, and not as a fellow-servant, in the performance of that duty, but that where the duty of giving the signal is incidental to his general employment, his failure to perform that duty is not imputable to the master.

In the case of *Belleville Stone Co.* v. *Mooney,* 32 *Vroom* 253, we held that the duty imposed upon a foreman in charge of the blasting in a stone quarry to give timely warning to those that worked under him when a blast was to be fired, bore no direct relation to the other work upon which he was engaged, and that, therefore, in the giving of the warning, he stood in the place of the master. In the later case of *Germanus* v. *Lehigh Valley Railroad Co.,* 45 *Id.* 662, we held, for the same reason, that a foreman in charge of a gang of track repairers was the representative of the master in giving warning of the approach of trains. On the other hand, in the case of *Miller* v. *Central Railroad Co. of New Jersey,* 40 *Id.* 413, we held that the duty of a brakeman upon a coal train, which had practically become stalled upon account of wet and slippery rails, to go back with a flag as a signal of warning to the engineer of a following train, was one which was incident to his employment as brakeman, and that his failure to perform that duty—resulting, as it did, in a collision in which the engineer of the following train was killed— was not a neglect for which the common employer was re-

sponsible. The reason we gave for this conclusion was that "while it is the duty of a railroad company to exercise reasonable care in providing a system of signals, the duty to carry out the system by giving the signals is the duty of the employe, incident to his employment, and for the failure of the employe to perform that duty the employer cannot be held responsible by another employe engaged in the common employment."

In our opinion the present case comes within the principle of the Miller case, rather than within that of the Belleville Stone Company and Germanus cases. If an employe of the defendant had been delegated by it to attend at the ash-pit and warn those at work there of the approach of engines, and his failure to give warning had been the producing cause of the accident to the plaintiff, the case would then, in its legal aspect, have been parallel with those last mentioned. But the duty of blowing a whistle, or ringing a bell, which rests upon the engineer or hostler in charge of an engine, is an incident in the operation of the engine, and failure to perform that duty, therefore, does not impose responsibility upon the master for injuries received by another employe engaged in the common work. That the plaintiff, the engineer and the hostler who had charge of the operation of the engine which produced the plaintiff's injury, were engaged in an employment having a common object, notwithstanding the dissimilarity of the work to which they were put, is entirely settled by our cases. *McAndrews v. Burnes*, 10 *Vroom* 117; *Ewan v. Lippincott*, 18 *Id.* 192, and cases cited.

The judgment under review will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, J.J. 16.