MARCH TERM, 1912.    467

*54 Vroom.*                    Firth v. Penna. R. R. Co.

WALTER S. FIRTH, DEFENDANT IN ERROR, v. THE PENN-
SYLVANIA RAILROAD COMPANY, PLAINTIFF IN
ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

1. The place of work of a servant was a pit under a locomotive
tender, which was a reasonably safe place unless the tender was
moved without warning. There was a custom of giving such a
warning, but whether it was given as an incident of the work
of the master or as the duty of the master to warn the servant
was a disputed question. *Held,* that where the testimony was
conflicting, and variant inferences could be drawn from it, this
question was for the jury.

2. A warning is incidental to the work of the master when the act
that constitutes such warning is done as part of the work for
the master, in the performance of which his servants were at the
time engaged, and not as the performance of the master's duty to
warn his servants, although it may incidentally have that effect.

On error to the Supreme Court.

For the plaintiff in error, *Alan H. Strong.*

For the defendant in error, *John H. Backes.*

The opinion of the court was delivered by

GARRISON, J. The defendant in error, Walter S. Firth, re-
covered a judgment for injuries received while working in the
repair shop of the plaintiff in error.

The denial by the trial court of a motion for a nonsuit and
of a motion for a direction of a verdict are assigned as errors.

Upon this writ of error, therefore, the case consists of the
testimony resolved most favorably to the defendant in error.
Thus constituted the case to be dealt with is: Walter S. Firth,
who had been employed in the repair shop of the plaintiff in
error for about two months, was set to work in a pit beneath
a locomotive tender in order to remove a cylinder head, in
doing which his body at times rested upon one or the other of
the rails on which the tender stood, which, on one of these

occasions, was moved without warning to him, passing over
and crushing his thigh. The movement of the tender was
preliminary to the work of removing its tank which required
that the tender be directly under an overhead crane that by
perpendicular traction lifted the tank clear of the trucks of
the tender. The crane was operated by a man in a cage some
fifty feet above the floor who started and stopped the motors
that controlled the crane upon hand signals given him from
below. At the time of the accident, the preparation for
moving the tender into position had progressed as far as the
disconnection of its brakes, the hooking of chains to various
parts of the trucks and the connection of these by their centre
ring with the vertical traction chain lowered from the crane.
The hooks by which the chains were attached to the trucks
were prevented from falling out of place by the taking up of
the slack which was done by the operator of the crane prepara-
tory to the moving of the tender into its intended position.
It was at this stage that the tender moved over the rails in-
flicting the injury for which damages were recovered.

Young Firth had been put in charge of a Mr. Burr, by
whom he was instructed as to working in the pit and to whom
on several occasions he had said that he was "afraid to work
under there;" to which, on at least one occasion, Burr re-
plied, "Walter, never be afraid because you will be notified
before the tender is moved." As a matter of fact and custom
when the tender was about to be moved someone would come
around and say, "Get out, we are going to move it." On the
occasion of the plaintiff's injury no such warning was given.

Such being the facts that a jury might find, the argument
relied upon to take the question of the defendant's liability
from the jury is that the only permissible inference from
these facts is that the customary warning "was incidental both
in its object and performance to the work of the master," i. e.,
that the warning was incidental to the moving of the tender
and not for the safety of the man who was working under-
neath it. In legal effect the proposition in question therefore
is that no other conclusion could be reached from the testi-
mony than that the warning was given to the man under the

trucks in order that the work of moving the tender might not be impeded by the presence of his body on the rails. The bald statement of this contention is its own refutation, for the legal proposition is not merely that the jury might so find, which is, to say the least, questionable, but that the jury could not find otherwise, which is manifestly untenable. In support of this proposition stress is laid upon the circumstance that the warning was customarily given by a fellow-workman as if that were in some way conclusive. The fact is in dispute, but if it were not it is only a relevant, not a conclusive, circumstance.

The cases of *Miller* v. *Central Railroad Co.,* 40 *Vroom* 413, and *Koneski* v. *Delaware, Lackawanna and Western Railroad Co.,* 48 *Id.* 645, on which the plaintiff in error relies, do not support his proposition. In each of these cases the act of omission had reference to a duty owed by the servant to the master, and was at once inseparable from the proper performance of the work of the master and at the same time incidentally constituted a warning upon which the master's other servants customarily relied. Such reliance was therefore clearly none other than that a fellow-servant would without negligence perform the duty thus owing by him to the common master; and it is plain that the failure of a servant to perform a duty thus owing to the master does not transform the duty into one owing by the master to his servants.

These cases therefore aptly illustrate what is meant by a warning that is incidental to the work of the master, showing it to be an act done as part of the work for the master in the performance of which the servant was at the time engaged, and not a performance of the master's duty to warn his servants, although incidentally it may have that effect.

Thus in the Miller case the neglected duty was that of a rear end brakeman to go back and flag a train that might be coming, a duty that he owed to the master in the line of his employment. Incidentally the performance of this duty served as a warning to the servants on the on-coming train.

In the Koneski case the neglected duty was the ringing of the engine bell, a duty that appertained to the proper per-

470    COURT OF ERRORS AND APPEALS.

Firth v. Penna. R. R. Co.          *83 N. J. L.*

formance of that duty, and hence was owed by the servant to the master.

Directly opposed to the facts of these cases is the case in hand in which the work of moving the tender had no tendency to give rise to any incident that would act as a signal or warning, which, consequently, if given, by word of mouth, by the servants engaged in such work might well be found by the jury to have been done by them not in the performance of their work for the master but in the performance of the duty of the master to warn his servant that the place in which he had been set to work was about to be rendered unsafe.

This distinction renders it plain that the controlling feature of the cases relied upon by the plaintiff in error was not that the negligent servant and the injured servant were in the employ of the common master but that the duty that was neglected was one that was owing to such master by his servants and not one that was owing by him to them.

"The test," as we said in *Laragay* v. *East Jersey Pipe Co.,* 48 *Vroom* 516, "is not what agents did the master employ in the performance of a given duty, but whether the duty itself was one that he owed to his servants or one that they owed to him." Of the latter the cases first cited are examples; of the former those cited by the defendant in error are illustrations, viz., *Bellville Stone Co.* v. *Mooney,* 32 *Vroom* 253; *Albanese* v. *Central Railroad Co.,* 41 *Id.* 241; *D'Agostino* v. *Pennsylvania Railroad Co.,* 43 *Id.* 358; *Germanus* v. *Lehigh Valley Railroad Co.,* 45 *Id.* 662; *Ondis, Administratrix,* v. *Great Atlantic, &c., Co.,* 53 *Id.* 511.

We care to add nothing to the legal expositions contained in these decisions, the correctness of which is not at all challenged in the case before us which turns solely upon the relative functions of court and jury with respect to the rules of law established by the cases cited. In its simplest form the contention of the plaintiff in error is that while the jury was justified in finding that the warning of the intended movement of the tender was customarily given, it was not open to the jury to find that such warning had for its object the safety of the servant who was working underneath such tender. The trial

court refused to adopt this view and was entirely right in so doing. There was therefore no error committed under any assignment that has been argued.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.