JOSEPH LAUTER, PLAINTIFF, PLAINTIFF IN ERROR, v. HEDDEN CONSTRUCTION COMPANY, DEFENDANT, DEFENDANT IN ERROR.

Argued March 12, 1912—Decided June 20, 1912.

Where the danger which causes an injury to a workman is obvious and normally incidental to the work upon which he is engaged, and not of such an unusual or unexpected occurrence or character as to entitle him to receive warning before it happens, and no system of warning had in fact been instituted, the absence of warning in the particular instance complained of is not evidence of negligence on the part of the employer.

On error to the Essex Circuit Court.

For the plaintiff in error, *Wilbur A. Heisley.*

For the defendant in error, *Lindabury, Depue & Faulks* (*Kinsley Twining,* on the brief).

The opinion of the court was delivered by

WHITE, J.    The plaintiff, who had been a painter for twenty-four years, while in the employ of defendant (who had a contract to paint a twelve-story office building which was occupied and in operation), and while painting the inside of the walls of the elevator cable shaft of said office building, was injured by having his arm caught between a two-inch wire elevator cable and the large revolving wheel over which the cable ran as the elevators, operated by the owner, in separate neighboring shafts moved upward and downward transporting the tenants to and from their offices on the various stories of said building.    The cable shaft contained a number of these wheels and cables running on two walls opposite each other, and was walled off separately from the shafts within which the elevators ascended and descended, so that the plaintiff at work in the cable shaft could not see the elevators start, nor could the persons operating the elevators see him at work in the cable shaft.    He could, however, and did, see the cables moving upward and downward and the wheels, over which they ran, turning around as they did so, in the shaft where he was working, and his testimony shows that he saw them doing this practically continually during a period of about six weeks while he was working on this job.    He, with two other painters, had already given this shaft three coats of paint, each coat taking five or six days to put on, and were about half through putting on the fourth or enamel coat when the accident happened.    During all of this time the cables had been moving and the wheels turning exactly as when the accident occurred, and no warning had ever been given by anyone before such moving and turning took place.    It is

true that the plaintiff testified that he did not see this particular wheel turn during the hour he had been working the morning the accident happened, but he said that he saw other wheels turning in the shaft that morning, and he does not pretend that he thought, or had any reason to think, that the elevators were not running that day as usual, or that this particular wheel had been put out of commission with notice to him that he might treat it as "dead," so that he would be entitled to receive a warning before it was again put into service. The uncontradicted evidence clearly indicates that the moving of the cable and the turning of the wheel which caused the injury were in nowise extraordinary or "exceptional," but, on the contrary, that they were part of the normal conditions prevailing in that shaft while these painters were working there, and that these conditions were perfectly obvious to and thoroughly known by the plaintiff. Of course there was danger that the plaintiff would be injured if he put his arm between the turning wheel and the moving cable on the intake side, or if he permitted the sleeve of the garment he was wearing to get caught in the same place and to pull his arm in, but this was a clearly obvious danger which he thoroughly understood and one easily avoided by proper care on his part. The wheels and cables were a foot or more away from the walls and there was no difficulty in painting the walls behind them without getting caught.

The case is wholly lacking, therefore, in the element of a system of warnings having been established and upon which consequently·the party injured had a right to rely, as in *Belleville Stone Co.* v. *Mooney,* 32 *Vroom* 253, and in *Harmer* v. *Reed Apartment Co.,* 39 *Id.* 332, which, although not a master and servant case, is illustrative of this principle; and it is also equally lacking in the element of an "exceptional" or "extraordinary" condition requiring the establishment of a system of warnings, as in *Ondis* v. *Great Atlantic and Pacific Tea Co.,* 53 *Id.* 511. It does fall clearly, however, not only within, but far within, the doctrine laid down in *Caffery* v. *Hedden,* 50 *Id.* 556, in

which this court said: "Where the risk is one ordinarily attending the service, or where the risk is known or by the reasonable exercise of ordinary observation and care would have been known and appreciated, the legal presumption is that the workman undertakes the employment on the terms of encountering the danger, though he may have no actual knowledge of it."

This is not a case of an elevator plant being shut down in order that the painters might go into its cable shaft to paint it, in which case they would clearly have the right to be warned · before the plant were started up again, because that would be an "extraordinary" or "exceptional" occurrence so far as they were concerned; nor is it the case of elevators being run occasionally only, and at unexpected intervals, with a system of warnings established to give notice of what the workmen were not expecting unless so warned. Instead of either of these, it was a case of the painting of the walls of an elevator cable shaft of an office building, with the elevators in regular and practically constant operation, which conditions were perfectly obvious to these painters in the cable shaft where they had been working and had constantly observed them for something like six weeks. Under such circumstances the danger forms a part of the normal and expected conditions of the service, and the absence of a warning in the particular instance complained of is not evidence of negligence on the part of the employer.

The judgment of nonsuit must be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, JJ.    12.

*For reversal*—MINTURN, KALISCH, TREACY, JJ.    3.